IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Destiny A. Woods, | ) | C/A No.: 3:10-3160-SVH |
|            Plaintiff, | ) | |
| vs. | ) | |
| Wells Fargo Bank, N.A., d/b/a Wachovia and f/k/a as Wachovia Financial Services, Inc.; and Earnestine Brown, Melinda Price, Cateshia Pinkney-Blanding and Cheryl Helms, in their individual capacities, | ) | WRITTEN OPINION AND ORDER |
|            Defendants. | ) | |

Plaintiff filed this action on December 14, 2010, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, defamation, negligent supervision, and civil conspiracy against her employer Wells Fargo Bank, N.A., d/b/a Wachovia and f/k/a as Wachovia Financial Services, Inc., and her coworkers and/or supervisors Earnestine Brown, Melinda Price, Cateshia Pinkney-Blanding and Cheryl Helms, in their individual capacities (collectively "Defendants"). [Entry #1]. This matter comes before the court on Defendants' Motion to Dismiss for Lack of Prosecution and for Sanctions filed on November 15, 2011. [Entry #50]. For the reasons that follow, the court grants the motion.

I.     Factual and Procedural Background

Plaintiff originally appeared through counsel, and after Defendants appeared, the court entered a Scheduling Order that established August 1, 2011 as the deadline for

completion of discovery. [Entry #7]. On March 3, 2011, Defendants served Plaintiff with a Notice of Deposition for April 13, 2011. [See Defs' Brief, Entry # 50-1 at 2]. On March 7, 2011, Defendants served Plaintiff with their First Set of Interrogatories and Requests for Production of Documents ("Written Discovery"), responses to which were due by April 6, 2011. [Entry #39-1].

On April 14, 2011, Plaintiff's counsel filed a Motion to be Relieved as Counsel, which motion the court granted that day, together with an extension of time for Plaintiff to obtain new counsel by May 12, 2011. [Entry #25]. After Plaintiff failed to retain counsel by the deadline, the court advised her that she would be proceeding with this matter *pro se* as of May 13, 2011, although she remained free to obtain counsel at any time. [Entry #29, #32]. The court's order reminded the parties that discovery in this case would end on August 1, 2011. [Entry #29]. By letter dated July 7, 2011, Defendants' counsel informed Plaintiff that her responses to the Written Discovery served on March 7, 2011 were past due and requested that she produce her responses by July 17, 2011. [Entry #39-2].

Defendants attempted to serve Plaintiff with an amended Notice of Deposition for July 19, 2011. [Entry #39-3]. Plaintiff refused to accept service of the amended Notice and returned it to Defendants' counsel. [Entry #50-2]. Defendants state that they retained a court reporter and traveled from Charlotte, North Carolina to Columbia, South Carolina to proceed with Plaintiff's deposition. [See Defs' Brief, Entry # 50-1 at 2-3]. Plaintiff failed to appear for her July 19, 2011 deposition, as the deposition transcript reflects. [Entry #50-3].

Plaintiff also failed to respond to the Written Discovery, and Defendants filed a motion to compel on August 1, 2011. [Entry #39]. Plaintiff failed to file a response to the motion to compel or otherwise respond to the Written Discovery. By order dated September 13, 2011, the court granted Defendants' motion, noting "Plaintiff is specifically advised that she is subject to discovery under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26-37," and directed Plaintiff to provide responses to the Written Discovery by October 14, 2011. [Entry #45]. The order also directed that **"Plaintiff shall also participate in the taking of her deposition (in accordance with Fed. R. Civ. P. 30) should Defendants attempt to do so again."** *Id.* (emphasis in original). The order further stated that "**Plaintiff is specifically warned that failure to fully respond to Defendants' discovery requests and/or participate in her deposition may result in sanctions, including dismissal of this action. See Fed. R. Civ. P. 37 and 41. If Plaintiff fails to prosecute her case or fails to comply with these rules or the Court's order, Rule 41 allows a defendant to move to dismiss the action with prejudice. See Rule 41(b), Fed. R. Civ. P.**" *Id.* (emphasis in original).

Defendants attempted to notice Plaintiff's deposition for October 24, 2011 by United States mail and Plaintiff again refused to accept service. [Entry #50-2]. Defendants retained a process server to personally serve Plaintiff with the Fourth Amended Notice of Deposition on October 4, 2011. [Entry #47]. Defendants note that they retained a court reporter and traveled from Charlotte to Columbia to proceed with Plaintiff's deposition. [See Defs' Brief, Entry # 50-1 at 4]. Plaintiff again failed to appear for her deposition on October 24, 2011, as the deposition transcript reflects [Entry #50-4],

despite the court's order compelling her attendance. Defendants indicate that Plaintiff provided no notice to them that she would be late or otherwise unavailable for the noticed date. [See Defs' Brief, Entry # 50-1 at 4].

Plaintiff has also failed to respond to the Written Discovery. Plaintiff's only attempt to explain her failure to respond to the Written Discovery and her noncompliance with the court rules and orders is a letter filed on October 18, 2011 [Entry #48], that attempts to blame her former attorney, whom the court relieved of his duties in April 2011.

On November 15, 2011, Defendants filed the instant motion to dismiss for lack of prosecution and for sanctions, arguing that Plaintiff's flagrant disregard for her discovery obligations pursuant to court rules and orders renders this action subject to dismissal under Fed. R. Civ. P. 41(b) and 37(b). [Entry #50]. As Plaintiff is proceeding *pro se*, Magistrate Judge Joseph R. McCrorey entered an order on November 16, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising her of the importance of a motion to dismiss and of the need for her to file an adequate response. [Entry #43]. Plaintiff was specifically advised that if she failed to respond adequately, Defendants' motion may be granted, thereby ending this case. *Id.* Notwithstanding the specific warning and instructions set forth in Judge McCrorey's *Roseboro* order, Plaintiff failed to respond to the motion. On November 16, 2011, Judge McCrorey also issued a notice for a

4

status conference hearing to be held on November 30, 2011, and directed Plaintiff to be present. Plaintiff did not appear for the status conference.[1] [Entry #53].

On January 1, 2012, this case was reassigned from Judge McCrorey to the undersigned Magistrate Judge. On January 9, 2012, the undersigned issued an order directing Plaintiff to advise the court as to whether she wished to continue with this case and to file a response to the motion to dismiss for lack of prosecution and for sanctions by January 20, 2012. On January 20, 2012, Plaintiff filed a response [Entry #67] and on January 30, 2012, Defendants filed a reply [Entry #68]. Plaintiff filed a sur reply on February 14, 2012 [Entry #70] and additional attachments/supplements on February 15, 2012 [Entry #71] and February 21, 2012 [Entry #72]. None of Plaintiff's filings is responsive to the motion to dismiss for lack of prosecution and for sanctions, but instead, the filings discuss Plaintiff's interpretation of the strength of her claims. On February 22, 2012, Defendants filed a motion to strike Plaintiff's sur reply [#73].

II.     Discussion

    A.     Dismissal is Warranted under Fed. R. Civ. P. 41(b) and 37(b)(2)(A)

Defendants argue that their motion should be granted, pursuant to Fed. R. Civ. P. 41(b) and 37(b)(2)(A) because Plaintiff failed to respond to their Written Discovery and repeatedly failed to appear at her depositions despite court rules and orders with warnings

---

[1] On November 29, 2011, Plaintiff filed a motion [Entry #57] to reschedule the status conference, and Judge McCrorey orally denied the motion at the hearing on November 30, 2011. [Entry #58].

of the consequences of her failure to do so. Plaintiff argues that she would like to continue her case and states she is unable to find an attorney.

Pursuant to Rule 37, the court may impose sanctions, including dismissal of the action, for the failure to obey a discovery order. See Fed. R. Civ. P. 37(b)(2). *See Robinson v. Yellow Freight Sys.*, 132 F.R.D. 424 (W.D.N.C. 1990), *aff'd*, 923 F.2d 849 (4th Cir. 1991)(upholding dismissal with prejudice of *pro se* plaintiff's claim pursuant to Fed. R. Civ. P. 37(b)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991)(courts have the authority to dismiss cases under Rules 37 and 41 as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse").

Prior to imposing the sanction of dismissal, the district court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of a less drastic sanction. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has emphasized the importance of warning the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations. *See, e.g., Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993)(court must give the noncomplying party an "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987)(stating that warning was a

"salient fact" that distinguished cases in which default judgment was an appropriate sanction for discovery abuse under Rule 37).

A complaint may be dismissed pursuant to Rule 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. *Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41, "the Court can combine its analysis of the question whether dismissal is appropriate under" both Rules. *Silvious II v. RR Donnelly & Sons*, 2011 U.S. Dist. LEXIS 96920, * 6 (W.D. Va. 2011)(*citing Carter v. University of West Virginia Sys.*, 23 F.3d 400 (4th Cir. 1994)).

Plaintiff has failed to respond to Defendants' discovery requests or appear for her deposition and all of the factors weighing in favor of dismissing Plaintiff's lawsuit are present. First, Plaintiff is proceeding *pro se*, so she is entirely responsible for her actions. It is solely through Plaintiff's neglect, and not that of an attorney, that she has not fully responded to the Written Discovery and that she failed to appear for her depositions. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)(stating that *pro se* litigants are subject

7

to the same respect for court orders as other litigants). Plaintiff appears to have acted in bad faith as she has ignored court orders, failed to show for her depositions, and has provided no reasonable basis for failing to do so. Plaintiff was warned by the court on September 13, 2011, that any future failure to prosecute her claim, or failure to comply with the court's order, would result in sanctions, including dismissal of her action. [Entry #45]. Therefore, Plaintiff had ample notice that her failure to properly engage in discovery in this action could result in its dismissal.

Second, Defendants have been prejudiced because Plaintiff failed to cooperate in discovery, including failing to provide full responses to written discovery despite an order from the court to do so, and because Plaintiff failed to appear at her noticed depositions. Defendants have made multiple attempts to properly serve Plaintiff with various court documents, only to have those documents returned to Defendants' counsel's offices. Defendants have expended significant time, money, and resources in preparing for, traveling to, and attending Plaintiff's depositions at which she failed to appear. Defendants have been forced to seek two motions for extensions of time in which to complete discovery and a motion to compel Plaintiff's participation in discovery proceedings. Further, Plaintiff's failure to participate in the prosecution of her case has impeded Defendants' ability to complete discovery and has made it impossible to prepare their defense in this action.

Third, Plaintiff has demonstrated a history of proceeding in a dilatory fashion in this matter since April 2011. Plaintiff has (1) returned numerous court documents which Defendants' counsel have attempted to serve on her; (2) failed to respond to Defendants'

Written Discovery due on April 6, 2011; (3) failed to file responses to motions filed with the court despite orders to do so; (4) failed to appear in court when ordered to do so; and (5) twice refused to appear for her deposition or show cause for her absence, despite this court's order compelling her to do so. Plaintiff's pattern of flagrant disregard for this court and for Defendants is a waste of valuable time and resources and cannot be reasonably tolerated further.

Finally, there is no evidence that sanctions less drastic than dismissal would be appropriate in this case. *See Bullard v. Sgt. Terrence Forde*, 2011 U.S. Dist. LEXIS 75157, *4 (D.S.C. 2011)(dismissal of *pro se* plaintiff's action appropriate where plaintiff failed to respond to discovery, motion to compel and failed to comply with court's order regarding discovery); *Frierson v. Parke*, 2007 U.S. Dist. LEXIS 28365, *14-15 (D.S.C. 2006)(ordering dismissal of action where plaintiff failed to respond to discovery requests, failed to comply with court orders and refused to appear for her deposition without explanation); *Ballard v. Carlson*, 882 F.2d at 95 (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff's failing to obey his order was proper grounds for district court to dismiss suit when plaintiff did not comply despite warning).

Dismissal of this case is proper under both Rule 37 and 41.  Dismissal is proper under Rule 37 because Plaintiff's actions indicate bad faith, Defendants have shown that they have suffered prejudice as a result of Plaintiff's failure to comply, dismissal provides significant deterrence as a sanction for noncompliance, and the efficacy of a less drastic sanction is unlikely. Dismissal is proper under Rule 41 because Plaintiff is responsible for

9

her actions, Defendants have shown that they have been prejudiced by Plaintiff's actions and inactions, Plaintiff has a history of proceeding in a dilatory manner, and sanctions less drastic than dismissal are not effectively available. For the reasons outlined in detail above, the court dismisses Plaintiff's action pursuant to Fed. R. Civ. P. 37(b) and 41(b).

      B.      Monetary Sanctions are Warranted Under Fed. R. Civ. P. 37(b)(2)(C).

Because the court granted Defendants' motion to compel Plaintiff's deposition in its September 13, 2011 order, Plaintiff's failure to appear for her deposition on October 24, 2011 is in violation of the court's order and monetary sanctions are warranted under Fed. R. Civ. P. 37(b)(2)(C). Pursuant to Fed. R. Civ. P. 37(b)(2)(C), the court is authorized to order a litigant to pay sanctions for the costs related to the litigant's failure to comply with a court order, including "the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(b)(2)(C).

The court's September 13, 2011 order compelled Plaintiff to respond to Defendants' Written Discovery by October 14, 2011, and to attend her deposition. [Entry #45]. To date, Plaintiff has not provided responses to the Written Discovery and failed to attend her properly noticed deposition on October 24, 2011.

Aside from a letter she filed with the court on October 18, 2011 blaming her former attorney, Plaintiff has failed to provide any reason, much less a reasonable excuse, for her noncompliance with the court's rules and orders and has failed to explain her refusal to communicate with Defendants' counsel. Plaintiff appears to have forgotten that she initiated this lawsuit, having caused Defendants to be served with process under the

Federal Rules of Civil Procedure, having requested and submitted to the court's jurisdiction of the claims contained in her complaint, and having caused Defendants to be responsible for their compliance with the court's rules and orders.

The filing of a federal lawsuit is not child's play. It is a serious endeavor whose hallmark is the rule of law. Participants in a lawsuit are subject to the supremacy of law, which means that all persons are subject to the law and expected to comport with the law based on standards and procedures to fulfill the first rule of civil procedure to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The court does not enter orders willy-nilly and a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded … without peril." *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). The use of discovery closure dates are important tools for case management and the active participation of litigants within the rules and orders of the court is expected, regardless of whether they are represented by counsel or proceed *pro se*.

Plaintiff's actions are perplexing: she has not denied having returned every form of communication Defendants have attempted to serve on her since she terminated her former counsel and she has refused to abide by the court's rules and orders and communicate with counsel for Defendants that she is suing. In light of these facts, the court can think of no justification that would make monetary sanctions inappropriate. Accordingly, pursuant to Fed. R. Civ. P. 37(b)(2)(C), the court imposes monetary sanctions for Plaintiff's complete disregard for the court's September 13, 2011 order. *See*

*Sawyers v. Big Lots Stores, Inc.*, 2009 U.S. Dist. LEXIS 1098 (W.D. Va. 2009)(ordering that Plaintiff pay the reasonable expenses, including attorneys' fees, caused by her failure to comply with her discovery obligations). Defendants are awarded sanctions for the reasonable attorneys' fees and costs associated with their counsel's travel to Columbia, South Carolina for the deposition; for the amount of time spent in preparation for Plaintiff's deposition; the costs associated with retaining a process server to personally serve Plaintiff with the notice of deposition after she returned Defendants' prior attempts of service; and the court reporter's fee to be available to transcribe the deposition on October 24, 2011, which Defendants submit total $4,438.72. The court grants Defendants' request for monetary sanctions against Plaintiff in the amount of $4,438.72.

III. Conclusion

Based on the foregoing, Defendants' motion to dismiss and for sanctions is granted. The court grants sanctions against Plaintiff in the amount of $4,438.72 to be paid to Defendants. Defendants' motion to strike [Entry #73] Plaintiff's sur reply is denied as moot.

IT IS SO ORDERED.

February 23, 2012                    Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge


### NOTICE OF RIGHT TO APPEAL

**The parties are hereby notified that any right to appeal this
order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.**